NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE GALLION, | No. 18-55667 |
| Plaintiff-Appellee, | D.C. No. 5:17-cv-01361-CAS-KK |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Intervenor-Appellee, | |
| v. | |
| CHARTER COMMUNICATIONS, INC.; SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 11, 2019
San Francisco, California

Before: WALLACE, SILER,** and McKEOWN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Charter Communications, Inc., and Spectrum Management Holding Company, LLC, (hereinafter "Charter") appeal the district court's denial of their Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings, which raises a First Amendment challenge to the Telephone Consumer Protection Act ("TCPA") in Steve Gallion's putative class action alleging TCPA violations. The district court held that the TCPA is constitutional, denied Charter's Rule 12(c) motion, and granted Charter's motion for interlocutory review. The parties are familiar with the facts, and we do not recite them here. We have jurisdiction under 28 U.S.C. § 1292(b), and we affirm.

On interlocutory appeal, we review de novo the district court's denial of a motion for judgment on the pleadings. *Metrophones Telecomms., Inc. v. Global Crossings Telecomms., Inc.*, 423 F.3d 1056, 1063 (9th Cir. 2005), *aff'd*, 550 U.S. 45 (2007). We review de novo the constitutionality of the TCPA. *Moser v. FCC*, 46 F.3d 970, 973 (9th Cir. 1995). Charter has standing to challenge the TCPA's government-debt exception provision as underinclusive. *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009).

Consistent with *Duguid v. Facebook, Inc.*, No. 17-15320, 2019 WL 2454853 (9th Cir. June 13, 2019), we hold that the 2015 amendment to the TCPA, which excepts calls "made solely to collect a debt owed to or guaranteed by the United States," is a content-based speech regulation that fails strict scrutiny, and thus is

incompatible with the First Amendment. However, in *Duguid*, we severed the "debt-collection exception" and left intact the remainder of the statute. In light of *Duguid*, we affirm the district court's denial of Charter's Rule 12(c) motion for judgment on the pleadings, albeit on different grounds.

Charter's arguments that other provisions of the TCPA (the delegation to the Federal Communications Commission ("FCC") and the claimed government speakers' preference) are unconstitutional also fail. These provisions were part of the pre-2015 TCPA challenged and upheld as constitutional in *Moser*, 46 F.3d at 973, 975, and *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 876–77 (9th Cir. 2014), *aff'd on other grounds*, 136 S. Ct. 663, 672 (2016). Because we conclude in *Duguid* that the unconstitutional debt-collection exception is severable, the TCPA is restored to its pre-2015 status and is constitutional under our precedents. *Duguid*, 2019 WL 2454853 at *8 ("Excising the debt-collection exception preserves the fundamental purpose of the TCPA and leaves us with the same content-neutral TCPA that we upheld—in a manner consistent with *Reed*—in *Moser* and *Gomez*.").

Charter also challenges several FCC orders promulgating exceptions to the TCPA. But the FCC's regulatory exceptions are not before this court. The proper venue to challenge an FCC order is *directly* in a court of appeals, not in the district court. 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *see Moser*, 46 F.3d at 973.

We do not reach Charter's argument that severing the unconstitutional portion of the TCPA raises retroactivity concerns because Charter raised this argument for the first time in its Reply Brief and later in a Rule 28(j) letter. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**